IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 18 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00575-BNB

DERRICK DAVIES,

    Applicant,

v.

WARDEN ESTEP OF FREMONT CORR. FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO AMEND APPLICATION

Applicant, Derrick Davies, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Davies initiated this action by filing a document titled "Independent Motion Challenging Inpersom Jurisdiction of Constitutional Requirements." The Court reviewed the document, determined that Applicant intended to file an action pursuant to 28 U.S.C. § 2254, and entered an order on March 22, 2007, instructing him to file his claims on a Court-approved form used in § 2254 actions. On April 16, 2007, Mr. Davies submitted a § 2254 application form.

The Court must construe the Application liberally because Mr. Davies is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Davies will be ordered to amend the Application.

In the Application form, Mr. Davies alleges that on May 1, 2006, he pled guilty to one count of sex assault on a child in a position of trust and was sentenced to three years to life in prison. Mr. Davies, however, fails to assert in the application form any claims for relief. He simply has written "N/A" on Pages Five and Six, under the section of the form where he is required to describe his claims.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also requires Mr. Davies to go beyond notice pleading. *See **Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). He must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See **Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Even if the Court were to consider Applicant's original filing, the Independent Motion, the filing is vague and makes no senses. On Page Forty-Four of the Independent Motion, Mr. Davies states that he is presenting two questions for the Court to consider: (1) whether the Fourteenth Amendment to the United States Constitution was properly approved and adopted; and (2) whether the Fourteenth Amendment was properly applied against him as "a de jure State Citizen of Colorado." Nonetheless, the claims that he presents in the Independent Motion, for the most part, are no more than a rambling statement of the history of the enactment of the Fourteenth Amendment and why Mr. Davies believes that he is not a citizen of the United States or a resident of Colorado. To the extent that he refers to any constitutional rights, he does not state specifically how his constitutional rights were violated in his state criminal proceeding.

Mr. Davies has failed to meet the requirements of both Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity to do so, however. Mr. Davies will be directed to file an Amended Application that complies with Rule 8 and Rule 4 using the proper Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Amended Application that Mr. Davies will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim he intends to assert in this action. Mr. Davies also is instructed to assert specifically in the Amended Application how his federal rights were violated in his state criminal case.

Furthermore, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Davies states on Page Three of the application form that he did not raise his claims on direct appeal. He also states on Page Four that he did not present his claims to the state's highest court in his postconviction proceeding. Therefore, Mr. Davies will be ordered to state in the Amended Application why the action should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Davies file **within thirty days from the date of this Order** an Amended Application that complies with this Order. It is

FURTHER ORDERED that Mr. Davies' Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and

shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Davies, together with a copy of this Order, two copies of the following form for use in filing the Amended Application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Davies fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED April 18, 2007, at Denver, Colorado.

                        BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.07-cv-00575-BNB

Derrick A. Davies
Doc# 131324
Fremont Corr. Facility
P.O. Box 999
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on  4-15-07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk